UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO:   4:24-CR-37 |
| ) | |
| v. ) | |
| ) | |
| RAQUAN WILLIAMS ) | |

**GOVERNMENT'S NOTICE OF EXPERT WITNESS TESTIMONY**

Now comes the United States of America, by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, and shows as follows:

Pursuant to Rule 16(a)(1)(G), the government provides notice to the defense of the following expert witness expected to testify at the trial of the above-referenced case:

**EXPERT**

**Rebekah Parker, ATF Special Agent**

Special Agent Parker, based upon her training and experience is qualified to opine on various issues with respect to this case.  Based upon her training and experience, relying upon various industry related publications and a photographic review of the objects, Special Agent Parker is qualified to opine on the following: that the object referenced in the Indictment is a firearm as it is defined in 18 U.S.C. § 921(a)(3).  Moreover, Special Agent Parker is qualified to opine that the firearm at issue moved in interstate and foreign commerce prior to its recovery in this matter.

The Government hereby gives notice of its intention to call Special Agent Parker at trial to render these opinions.

## I.   INTERSTATE AND FOREIGN NEXUS (FIREARM)

Rebekah Parker is a Special Agent in the Savannah Field Office of the Bureau of Alcohol, Tobacco, Firearms and Explosives.  She will testify to facts and identifying data regarding the firearm recovered in this case, including movement in interstate and foreign commerce.  Specifically, SA Parker will testify that the Taurus, Model: G2C, .40 caliber pistol is a firearm within the definition of 18 U.S.C. § 921(a)(3) and was manufactured outside the State of Georgia, specifically, in Brazil. As such, traveled in interstate commerce prior to recovery in this case.

SA Parker bases her opinions upon the firearms markings, which include but are not limited to the serial numbers, names of the manufacturers, models, calibers, and importers (if applicable).  She also consulted and relied upon reference materials (further detailed in discovery), research, and her own training and experience.  The government has provided a copy of his signed report and his curriculum vitae to counsel in discovery.

## II.   PUBLICATIONS AUTHORED BY EXPERT IN LAST 10 YEARS

Special Agent Parker has not authored any publications in the last 10 years.

## III.   ALL CASES WHERE EXPERT TESTIFIED AT TRIAL OR BY DEPOSITION IN THE LAST 4 YEARS

In the last four years, Special Agent Parker has not testified at trial.

## IV.   EXPERT WITNESS SIGNED APPROVAL

Special Agent Parker issued a report detailing her opinions, a curriculum vitae, and a list of reference materials upon which she relied. Said report is signed by her obviating the need for her to sign this disclosure. *See* Fed. R. Crim. P. 16(a)(1)(G)(v).

## V.     Memorandum of Law and Citations to Authority

The Federal Rules of Evidence provide for the admission of expert testimony when "scientific, technical, or other specialized knowledge will help the trier of fact" Fed. R. Evid. 702. Pursuant to Rule 702, a witness, "qualified as an expert by knowledge, skill, experience, training, or education may testify . . . in the form of an opinion or otherwise." *Id.*

Expert testimony is admissible if it is both relevant and reliable, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)[1], and where it is "the kind that enlightens and informs lay persons without expertise in a specialized field." *United States v. Burchfield*, 719 F.2d 356, 357–58 (11th Cir. 1983). To ensure these elements are present, the trial judge serves as a "gatekeeper." *United States v. Majors*, 196 F.3d 1206, 1215 (11th Cir. 1999) (citing *Daubert*, 509 U.S. at 2796-97). "'[F]ederal district courts . . . perform [this] important gatekeeping function by screening the reliability of all expert testimony, but they have substantial discretion in deciding

---

[1] In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court confirmed that *Daubert's* gatekeeping obligation extends to beyond scientific experts to all of the expert matters described in Rule 702. *Kumho Tire Co.*, 526 U.S. at 149; *United States v. Paul*, 175 F.3d 906, 910 (11th Cir. 1999) (holding that the trial judge is required to inquire into the areas of relevance and reliability whether the expert testimony is "scientific" or otherwise).

how to test an expert's reliability and whether the expert's relevant testimony is reliable.'" *Majors*, 196 F.3d at 1215 (quoting *Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc.*, 178 F.3d 1030, 1034 (8th Cir. 1999) (citing *Kumho Tire Co.*, 526 U.S. at 146–147).[2]

WHEREFORE, the government requests that the Court permit Special AW to testify to the foregoing information as an expert in his field, subject to the government laying the proper evidentiary foundation at trial.

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

**/s/ L. Alexander Hamner**

L. Alexander Hamner
Assistant United States Attorney
Indiana Bar No. 31996-41

Post Office Box 8970
Savannah, GA 31412
Telephone No:  912-652-4422

---

[2] A district court's decision to admit or exclude expert testimony under Rule 702 is reviewed for abuse of discretion. *GE v. Joiner*, 522 U.S. 136 (1997); *United States v. Gilliard*, 133 F.3d 809, 812 (11th Cir. 1998).

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 30th day of May 2024.

                                                JILL E. STEINBERG
                                                UNITED STATES ATTORNEY

                                                ***/s/ L. Alexander Hamner***

                                                L. Alexander Hamner
                                                Assistant United States Attorney
                                                Indiana Bar No. 31996-41

Post Office Box 8970
Savannah, GA 31412
Telephone No: 912-652-4422